Amir Nassihi (SBN 235936)
anassihi@shb.com
Andrew L. Chang (SBN 222309)
achang@shb.com
Jason M. Richardson (SBN 250916)
jmrichardson@shb.com
SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: 415.544.1900 | Fax: 415.391.0281

Anitra Clement (*pro hac vice* application to be filed)
aclement@shb.com
SHOOK, HARDY & BACON L.L.P.
100 North Tampa Street, Suite 2900
Tampa, FL 33602
Tel: 813.202.7100 | Fax: 813.221.8837

Attorneys for Defendant
ESURANCE INSURANCE
SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO FELIX CHAIDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ESURANCE INSURANCE SERVICES, INC.,<br><br>Defendant. | Case No.: 3:22-cv-01424<br><br>DEFENDANT ESURANCE INSURANCE SERVICES, INC.'S NOTICE OF REMOVAL |

Pursuant to 28 U.S.C. §§ 1446, 1453 and 1332(d), Defendant Esurance Insurance Services, Inc.[1] ("Esurance") hereby removes the above-captioned action from the Superior Court of the State of California in and for the County of San Francisco to the United States District Court for the Northern District of California. In support of its Notice of Removal, Esurance states as follows:

---

[1] Esurance Insurance Services, Inc. disputes that it is the proper named Party in this action and nothing in this removal notice is intended to concede that Esurance Insurance Services, Inc. is the proper or correct party in this matter.

1

1.   On January 31, 2022, Plaintiff Alfredo Felix Chaidez ("Plaintiff") commenced this action in the Superior Court of the State of California in and for the County of San Francisco by filing a putative Class Action Complaint ("Complaint") captioned *Alfredo Felix Chaidez, individually and on behalf of all others similarly situated, Plaintiff, v. Esurance Insurance Services, Inc.*, San Francisco County Case No. GCG-22-597929.

## PLAINTIFF'S ALLEGATIONS

2.   Plaintiff's Complaint seeks to allege a single cause of action against Esurance under California Business and Professions Code § 17200, known as California's Unfair Competition Law ("UCL"). This Complaint rests on allegations that during the COVID-19 pandemic, Esurance refunded premiums previously paid by its automotive insurance policyholders in amounts Plaintiff alleges to be insufficient.

3.   Plaintiff alleges Esurance refunded 15% of furnished premiums in March, April, and May of 2020 to its policyholders, and continued to provide allegedly insufficient refunds during the year-long period alleged. See Complaint ("Compl.") (Exhibit A) ¶¶ 6, 11, 13. Citing bulletins from California Insurance Commissioner and reports from other entities, Plaintiff's Complaint alleges that "a minimum average 30% premium relief payment [was] needed starting March 18, 2020 through May 2020." *Id*. ¶ 16. On this basis Plaintiff alleges that "the 15% refunds that Esurance issued for those months is inadequate." *Id*. In effect, Plaintiff alleges that Esurance's premium refunds during the pandemic were half the amount that he believes they should have been. *Id*.

4.   Through these allegations, Plaintiff seeks to represent a class of "[a]ll California residents who purchased personal automobile, motorcycle, or RV insurance from Esurance covering any portion of the time period from March 1, 2020 through March 1, 2021." Compl. ¶ 20. Plaintiff alleges this class consists of "at least thousands of individuals who purchased insurance in California" *Id.* at ¶ 21.

## TIMELINESS OF REMOVAL

5.   Esurance was served with Plaintiff's Complaint on February 4, 2022. True and correct copies of the Summons and Complaint, Civil Case Cover Sheet, and "all process, pleadings,

and orders served upon" Esurance are attached hereto as **Exhibit A**. See 28 U.S.C. § 1446(b). In accordance with 28 U.S.C. § 1446, this Notice of Removal is timely filed within thirty (30) days of Esurance's notice and receipt of Plaintiff's Complaint.

## VENUE

6. Plaintiff's Complaint incorrectly alleges that Esurance[2] has "its principal place of business and headquarters located in San Francisco, California." Compl. ¶ 7. Esurance is headquartered in Illinois. Declaration of Taylor Van Laar in Support of Notice of Removal ("Van Laar Decl.") ¶ 3.

## INTRADISTRICT ASSIGNMENT

7. While Esurance disputes Plaintiff's allegations, for purposes of intradistrict assignment under Civil L.R. 3-2(c)-(d), and 3-5(b), it submits assignment should be to the San Francisco Division or the Oakland Division of this District Court as the division within this District "in which the action arises" based on Plaintiff's allegations.

## REMOVAL IS APPROPRIATE UNDER CAFA

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Statute or "CAFA"). The case is removable on the basis of minimal diversity among the parties, more than $5 million at issue, and a putative class of more than 100 members.

## SIZE OF ALLEGED CLASS

9. CAFA's first requirement, that the proposed class contain at least 100 members, 28 U.S.C. § 1332(d)(5), is satisfied based on Plaintiff's allegations. Plaintiff seeks to represent a class of "[a]ll California residents who purchased personal automobile, motorcycle, or RV insurance from Esurance covering any portion of the time period from March 1, 2020 through March 1, 2021." See Compl. ¶ 20. Plaintiff alleges this class consists of "at least thousands of individuals who purchased insurance in California" *Id.* at ¶ 21.

10. While Esurance contests the substance of Plaintiff's allegations, and contests that a class may be certified, it confirms that – assuming the truth of the allegations for purposes of this

---

[2] As noted in footnote 1, Esurance does not concede that it is the proper party in this case. Nor does it concede that venue is proper.

removal notice only – at least 100 potential class members exist. Esurance has paid insurance premium refunds to more than 190,000 California automotive insurance policyholders during the time period alleged in Plaintiff's Complaint.

## MINIMAL DIVERSITY OF CITIZENSHIP

11. CAFA's second requirement, minimal diversity, is also satisfied here. Under this requirement, the removing party must allege only that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). That is the case here.

12. Minimal diversity of citizenship is satisfied because Plaintiff and Esurance are citizens of different states. Plaintiff is a citizen of California. Plaintiff alleges that, at all relevant times, he was residing in Los Angeles, California. Compl. ¶ 6. Plaintiff does not allege any alternate state of citizenship, nor is there any indication that Plaintiff is or has been a citizen of Delaware or Illinois. These facts are indicia of Plaintiff's California citizenship. *See Mondragon v. Capital One Auto Fin.,* 736 F.3d 880, 885 (9th Cir. 2013) (observing "that the party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change"); *CarMax Auto Superstores CA LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1091, fn. 38 (C.D. Cal. 2015) (relying on "[a]llegations that a party has an extensive and continuous period of residence" to establish that the party is a citizen of the state). Plaintiff, therefore, is a citizen of California for purposes of diversity jurisdiction.

13. Corporations are considered to be citizens of the states where they are incorporated and in which their principal place of business is located. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Esurance is incorporated in the state of Delaware with its principal place of business in the state of Illinois. See Van Laar Decl. at ¶ 3. Therefore, Esurance is a citizen of Delaware and Illinois. Plaintiff's Complaint erroneously states that Esurance's principal place of business is San Francisco, California. Since Plaintiff and Esurance are diverse, minimal diversity exists.

## AMOUNT IN CONTROVERSY

14. CAFA's third requirement, that the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs, 28 U.S.C. § 1332(d)(2), is satisfied as well. To remove the case, a defendant need not prove that class recovery *will* exceed that figure, only that it *could*. *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014). As the Supreme Court has explained, defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)."

15. Plaintiff alleges that Esurance provided 15% premium refunds, including for the months of April and May of 2020. See Compl. ¶¶ 6, 11, 13. Citing bulletins from the California Insurance Commissioner and reports issued by other entities, Plaintiff's Complaint continues to allege that "a minimum average 30% premium relief payment [was] needed starting March 18, 2020 through May 2020." *Id.* ¶ 16. California customers with relevant private passenger auto policies were provided an estimated $4.4 million in premium refunds in April of 2020, and subsequently provided approximately $4.4 million in premium refunds in May of 2020. In addition, over $2 million was paid to relevant California automotive policyholders including motorcycle policies in June of 2020. On this basis alone, Plaintiff's allegations place well in excess of $5 million at issue given Plaintiff's allegations that Esurance's refunds were half of the amount required.

16. In addition to these amounts, Plaintiff seeks to recover "all funds acquired from Esurance's unfair business practices and other violations of law, including disgorgement of profits." See Prayer p. 11 at ¶ C.

17. Further, Plaintiff seeks to recover attorneys' fees for bringing this action. *Id.* As the Ninth Circuit has explained, attorneys' fees, including future attorneys' fees are included for purposes of ascertaining the amount in controversy at the time of removal. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

18. Considering the claims at issue, the relief sought, and the number of alleged class members, the aggregate amount placed in controversy by the Complaint comfortably exceeds the $5 million requirement.

**NO EXCEPTION TO CAFA JURISDICTION APPLIES**

19. Esurance has met its burden of establishing CAFA's initial jurisdictional requirements. Insofar as Plaintiff may wish to argue that an exception to jurisdiction exists, the burden shifts to Plaintiff to establish the applicability of any express CAFA jurisdictional exception. *Allen v. Boeing Co.*, 784 F.3d 625, 628 (9th Cir. 2015). Any doubt as to the applicability of a CAFA exception is to be resolved in favor of removal. *See Arbuckle Mountain Ranch of Tex., Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 337-38 (5th Cir. 2016); *Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263, 265 (8th Cir. 2015). The Ninth Circuit instructs that "CAFA should be read 'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Bridgewell-Sledge v. Blue Cross of Cal.*, 798 F.3d 923, 929 (9th Cir. 2015) (citations omitted). There does not appear to be any applicable exception to CAFA jurisdiction in this case. Insofar as Plaintiff may wish to assert any such exception, such an effort would fail.

**CONCLUSION**

20. As set forth herein, all of the CAFA jurisdictional requirements are met: the action (i) involves 100 or more putative class members; (ii) at least one putative class member is a citizen of a state different from that of Esurance; and (iii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. See 28 U.S.C. § 1332(d)(2). The action therefore is properly removed to this Court.

21. Pursuant to Rule 38 of the Federal Rules of Civil Procedure L.R. 3-6, Esurance hereby requests trial by jury.

22. Promptly after filing this Notice of Removal, Esurance will file a Notice of Filing of Notice of Removal, along with a copy of the Notice of Removal, with the Clerk of the Superior Court of California, County of San Francisco and will serve written notice of the same on counsel for Plaintiff, all in accordance with 28 U.S.C. § 1446(a) & (d).

Accordingly, Defendant Esurance hereby removes this action to the United States District Court for the Northern District of California.

Dated: March 7, 2022

Respectfully Submitted

**SHOOK, HARDY & BACON L.L.P.**

By: /s/ Amir Nassihi
    AMIR NASSIHI

Attorneys for Defendant
ESURANCE INSURANCE SERVICES, INC.